IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| COLLEGE DEMOCRATS OF NORTH CAROLINA, ZAYVEON DAVIS, ZACH POWELL, ROSE DAPHNE, and RAQUEL NELSON, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | 1:26-cv-92 |
| NORTH CAROLINA STATE BOARD OF ELECTIONS; SAM HAYES, in his official capacity as Executive Director of the North Carolina State Board of Elections; FRANCIS X. DE LUCA, in his official capacity as Chairman of the North Carolina State Board of Elections; STACY EGGERS IV, in his official capacity as Secretary of the North Carolina State Board of Elections; ROBERT RUCHO, JEFF CARMON, and SIOBHAN O'DUFFY, in their official capacities as members of the North Carolina State Board of Elections; JACKSON COUNTY BOARD OF ELECTIONS; BILL THOMPSON, in his official capacity as Chairman of the Jackson County Board of Elections; WES HANEMAN, in his official capacity as Secretary of the Jackson County Board of Elections; ROY OSBORN, JAY PAVEY, and BETSY SWIFT, in their official capacities as members of the Jackson County Board of Elections; GUILFORD COUNTY BOARD OF ELECTIONS; EUGENE LESTER III, in his official capacity as Charmain | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |

of the Guilford County Board )
of Elections; and CAROLYN )
BUNKER, FELITA DONNELL, KATHRYN )
SKEEN LINDLEY, and PETER )
FRANCIS O'CONNELL, in their )
official capacities as members )
of the Guilford County Board of )
Elections, )
 )
      Defendants. )

## ORDER

This matter is before this court on Plaintiffs' Motion for a Temporary Restraining Order or Preliminary Injunction ("TRO/PI Motion"), (Doc. 10), and Motion to Expedite Briefing Schedule for Motion for TRO or Preliminary Injunction ("Expedited Briefing Motion"), (Doc. 12). After careful consideration, this court finds Plaintiffs' TRO/PI Motion, (Doc. 10), should be denied in part. Specifically, this court will deny Plaintiffs' TRO/PI Motion insofar as it seeks issuance of an ex parte temporary restraining order because Plaintiffs have not demonstrated that a temporary restraining order may be issued without written or oral notice. See Fed. R. Civ. P. 65(b)(1)(B). Further, after careful consideration, this court finds Plaintiffs' Expedited Briefing Motion, (Doc. 12), should be granted because Plaintiffs have shown good cause why Defendants should be required to file their response to Plaintiffs' TRO/PI

- 2 -

Motion, (Doc. 10), in a shorter period of time than normally prescribed. See Local Rule 7.3(f).

**IT IS THEREFORE ORDERED** Plaintiffs' Motion for a Temporary Restraining Order or Preliminary Injunction, (Doc. 10), is **DENIED IN PART**. The motion is denied only insofar as it seeks issuance an ex parte temporary restraining order.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Expedite Briefing Schedule for Motion for TRO or Preliminary Injunction, (Doc. 12), is **GRANTED** subject to the following expedited briefing schedule. Plaintiffs shall serve Defendants with a copy of this order by email or other expedited process on or before Tuesday, February 3, 2026, at 12:00 noon. Defendants shall file a response, if any, to Plaintiffs' motion for preliminary injunction, (Doc. 10), by Wednesday, February 4, 2026, at 5:00pm. No reply shall be permitted. If Defendants and their counsel receive prompt service of the complaint and notice of this order, this court will hold an initial hearing on Plaintiffs' motion for preliminary injunction, (Doc. 10), on Thursday, February 5, 2026, at 4:00pm. If necessary, that hearing may be continued to February 11, 2026, at 3:30pm.

This the  1st  day of February, 2026.

/s/ William L. Osteen, Jr.
United States District Judge

- 3 -

Case 1:26-cv-00092-WO-JLW    Document 13    Filed 02/01/26    Page 3 of 3